UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WHEELER,

                Petitioner,                        Case Number: 17-12036
                                                          Honorable Mark A. Goldsmith

v.

GEORGE STEPHENSON,

                Respondent.
_____/

**OPINION & ORDER
(1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT
PREJUDICE (Dkt. 1), (2) DENYING A CERTIFICATE OF APPEALABLITY, AND (3)
GRANTING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Daniel Wheeler, a prisoner currently in the custody of the Michigan Department of Corrections, was granted authorization by the Sixth Circuit Court of Appeals to file a successive habeas corpus petition under 28 U.S.C. § 2254. See In re Daniel W. Wheeler, No. 16-2527 (6th Cir. May 30, 2017). The Sixth Circuit limited this authorization to Petitioner's claim that his life sentence without parole is unconstitutional in light of Miller v. Alabama, 567 U.S. 460 (2012). Id. at 3.

On June 27, 2017, Petitioner filed a habeas corpus petition. Respondent filed an answer in opposition, arguing that the petition should be dismissed because Petitioner has not yet exhausted his state court remedies and, alternatively, that the Court should dismiss the petition based upon the Younger abstention doctrine. Also before the Court is Petitioner's motion for final judgment and/or motion to amend (Dkt. 11). The Court holds that Petitioner has not exhausted his state court remedies and dismisses the petition without prejudice.

**I. PROCEDURAL HISTORY**

In 1971, Petitioner was convicted by a Shiawassee County Circuit Court jury of first-degree premeditated murder and sentenced to life in prison without parole. See People v. Wheeler, No. 126769, 1995 WL 18241408 (Mich. Ct. App. Jan. 9, 1995). Petitioner states that he was seventeen years old at the time of the crime.

Petitioner did not file a direct appeal. See Wheeler v. Jones, 226 F.3d 656, 657 (6th Cir. 2000). In 1997, he filed a § 2254 petition raising four claims, including a challenge to the trial court's jury instruction. Id. at 658. The district court denied relief, but granted a certificate of appealability on the jury-instruction claim. Id. at 658-659. The Sixth Circuit Court of Appeals affirmed the district courts denial of habeas corpus relief. Id. at 657.

Petitioner later sought authorization in the Sixth Circuit Court of Appeals to file a second or successive habeas corpus petition raising these claims: (1) the state circuit court did not have jurisdiction over his case when there was no hearing in the juvenile court to determine whether he should be tried as an adult; (2) his trial counsel and the trial court failed to notify him of his right to appeal his conviction; and (3) he was sentenced to life without parole for a crime committed as a juvenile. See In re Wheeler, No. 16-2527 at 1. The Sixth Circuit Court of Appeals granted Petitioner's motion for authorization to file a second or successive § 2254 petition only for his third claim – that his life sentence without parole is unconstitutional in light of Miller. Id. at 3.

Petitioner then filed the pending petition raising the same three claims for which he sought authorization to file a second or successive habeas petition. The Sixth Circuit authorized the filing of a successive petition only for Petitioner's Miller-related claim. This Court lacks jurisdiction over Petitioner's first two claims – that the state court did not have jurisdiction over his case and that the trial court and counsel failed to notify him of his right to appeal the conviction. Burton v. Stewart, 549 U.S. 147, 153 (2007) (where a petitioner does not receive authorization to file a

2

successive habeas petition, a district court lacks jurisdiction to entertain it). These claims are dismissed.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

## III. ANALYSIS

Respondent argues that the petition should be dismissed because Petitioner has not yet been resentenced in state court and, therefore, has not exhausted his state court remedies.[1] The Court finds that Petitioner has not exhausted his state court remedies and will dismiss the petition without prejudice.

In 2012, the Supreme Court held that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment's prohibition on cruel and unusual punishment. Miller v. Alabama, 567 U.S. 460, 470 (2012). In 2016, the Supreme Court held that Miller applies retroactively. Montgomery v. Louisiana, ___ U.S. ___, 136 S. Ct. 718, 736 (2016). In response, the Michigan legislature enacted Mich. Comp. Laws §§ 769.25, 769.25a. These statutes outline new sentencing procedures for a prisoner, like Petitioner, who was less than 18 years old at the time he committed an enumerated offense, which, if committed as an adult, would result in an automatic sentence of life without parole. See Mich. Comp. Laws §§ 769.25(1); 769.25a(2).

In 2016, Petitioner filed a motion for relief from judgment in the Shiawassee County Circuit Court, raising the claim that he should be resentenced based upon the Miller decision. See Pet'r Mot. For Relief from Judgment at 3 (Dkt. 1). The prosecutor filed a motion seeking a life-without-parole sentence. See Resp't Resp. at 8-9 (Dkt. 9). The trial court stayed Petitioner's resentencing pending the Michigan Supreme Court's resolution of the question whether the resentencing decision must be made by a jury or a judge. See id. at 9. In 2018, the Michigan Supreme Court decided this issue, and held that Miller does not require resentencing before a jury. People v. Skinner, 502 Mich. 89, 96 (2018). Petitioner has not yet been resentenced.

---

[1] Alternatively, Respondent argues that the Court should abstain from intervening in ongoing state criminal processes under the Younger abstention doctrine. Because the Court dismisses the petition on exhaustion grounds, the Court need not address this issue.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). A petitioner bears the burden of showing that state court remedies have been exhausted. Nali v. Phillips, 681 F.3d 837, 852 (6th Cir. 2012).

In this case, the trial court has not yet held a resentencing hearing. The Sixth Circuit Court of Appeals has recognized that "resentencing pursuant to Sections 769.25 and 769.25a, although slow, is inevitable." Hill v. Snyder, 878 F.3d 193, 204 (6th Cir. 2017). Because the Michigan Supreme Court has now resolved the question whether a jury needs to make a resentencing determination, Petitioner may now be resentenced.[2] He may or may not receive a non-parolable life sentence. After he is resentenced he may then either seek a direct appeal of his new sentence or file a motion for relief from judgment under Mich. Ct. R. 6.500 et seq. Until he is resentenced and completes the applicable appeals process, Petitioner's Miller claim is unexhausted and the Court will dismiss the petition without prejudice.

---

[2] **Error! Main Document Only.**To the extent Petitioner seeks to compel the state trial court to resentence him within a certain period of time, he could file a state complaint for the writ of mandamus. See Michigan Court Rule 3.305. An action for mandamus may be brought in state circuit court and in the Michigan Court of Appeals, Mich. Ct. Rule 3.305(A)(1), and, if Petitioner is unsuccessful in those courts, he may apply for leave to appeal in the Michigan Supreme Court. See Mich. Ct. R. 7.301-7.302. "Mandamus is the appropriate remedy where the plaintiff, lacking an adequate legal remedy, alleges a clear legal right to the performance of a specific duty by the defendant, and the defendant has an uncontrovertible legal duty to act in the manner so requested." Phillips v. Warden, State Prison of Southern Michigan, 396 N.W.2d 482, 486, (Mich. Ct. App. 1986).

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

## V. LEAVE TO PROCEED IN FORMA PAUPERIS

The standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F.Supp.2d at 765. The Court finds that an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id.

## VI.  CONCLUSION

For the reasons set forth above the Court dismisses the petition for writ of habeas corpus without prejudice, declines to issue a certificate of appealability, and grants leave to appeal in forma pauperis.

The Court denies as moot Petitioner's Motion for Final Judgment and/or Motion to Amend (Dkt. 11).

SO ORDERED.

Dated: July 26, 2019　　　　　　　　　　　　　s/Mark A. Goldsmith
　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge